# No. 14-cv-09491-JMF

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MSR RESORT GOLF COURSE LLC,** | **No. 11-10372 (SHL)** |
| | **(Jointly Administered)** |
| Debtors. | |
| ------------------------------------------------------- | |
| **THE CONLON GROUP ARIZONA, LLC,** | |
| Appellant, | |
| vs. | **ORAL ARGUMENT REQUESTED** |
| **MSR RESORT GOLF COURSE LLC,** | |
| Appellees. | |

Appeal From the United States Bankruptcy Court
For the Southern District of New York

## APPELLANT'S REPLY BRIEF

Michael Gross
Michael Gross Law Office
231 South Bemiston Avenue, Suite 250
St. Louis, Missouri 63105
Telephone: (314) 863-5887
Email: mgross@grossbriefs.com

*Attorney for Appellant*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Argument | |
| I.  The Bankruptcy Court erred in granting summary judgment in favor of the debtors with respect to the revenue claims on the basis of res judicata | 1 |
| II.  The Bankruptcy Court erred in granting summary judgment in favor of the debtors with respect to the 17 per cent claims on the basis of collateral estoppel | 5 |
| Conclusion | 8 |
| Certificate of Compliance | 9 |

# TABLE OF AUTHORITIES

                                                                                **Page**

**Cases**

| | |
|---|---|
| *Garcia v. General Motors Corp.,* <br> 990 P.2d 1069 (Ariz. Ct. App. 1999) | 6 |
| *In re Estate of Lamparella,* <br> 109 P.3d 959 (Ariz. Ct. App. 2005) | 3 |
| *Matusik v. Arizona Public Service Co.,* <br> 684 P.2d 882 (Ariz. Ct. App. 1984) | 6 |
| *Phoenix Newspapers, Inc. v. Department of Corrections,* <br> 934 P.2d 801 (Ariz. Ct. App. 1997) | 2-4 |
| *Power Road-Williams Field LLC v. Gilbert,* <br> 14 F.Supp.3d 1304 (D. Ariz. 2014) | 4 |
| *Smith v. CIGNA HealthPlan of Arizona,* <br> 52 P.3d 205 (Ariz. Ct. App. 2002) | 6 |
| *Taylor v. State Farm Mutual Automobile Insurance Co.,* <br> 854 P.2d 1134 (Ariz. 1993) | 3 |

## ARGUMENT

## I.

**The Bankruptcy Court erred in granting summary judgment in favor of the debtors with respect to the revenue claims on the basis of res judicata.**

Conlon Group contends that the "revenue claims" asserted in its limited objection are viable and not precluded because they depend upon theories and evidence that have not previously been presented to any court. The debtors' argument to the contrary—that the controlling question is not "whether these theories and proof actually were presented" to the District Court in Arizona, but rather "whether they could have been presented," and that "the answer is . . . yes," Dist. Ct. Doc. 10, Appellee Br. at 12-13—depends upon misperceptions of both Arizona's res judicata doctrine and the history and nature of Conlon's claims.

The debtors insist that the current "revenue claims" could have been tried in Conlon I and III and thus are precluded under Arizona law. Id. at 12-14. The application of res judicata in this case is relatively simple. But not that simple.

In Conlon I villa owner Conlon Group sought access to the hotel's books for an accounting and, armed with that information, sought and obtained recovery for overcharging and short-changing practices proven by

1

the records. Bankr. Doc. 2290, Mem. Dec. at 3-5. Conlon III was a "redo" of Conlon I except that Conlon Group was recovering now for other villa owners who had been damaged by the same practices. Id. at 4-5.[1]

Conlon's limited objection in the bankruptcy proceeding sought a construction of ambiguity in the rental pool agreements—*i.e.,* an interpretation of the contractual scope of rental revenues subject to division with villa owners—in light of the hotel owners' accounting and revenue allocation practices, as found by inspection of their books and records after the commencement of Chapter 11 proceedings. Id. at 5-6. Conlon asked the Bankruptcy Court to review methods the hotel had been employing to exclude revenue from the shared pool that could only have been derived through the rental of villa units. Id. at 9-10. Conlon also sought the reimbursement of post-Conlon III overcharges in several categories. Id. at 8-11.

The "same evidence" test used by Arizona courts to determine whether a second claim is the same as a prior action and thus precluded by res judicata is "quite liberal." *Phoenix Newspapers, Inc. v. Department of Corrections,* 934 P.2d 801, 805 (Ariz. Ct. App. 1997). As applied in

---

[1] Conlon recovered $41,726 plus prejudgment interest for itself in Conlon I, and $525,000 for other villa owners in Conlon III. Mem. Dec., U.S. Bankr. Ct., Dkt. No. 2290, at 4-5.

2

Arizona the test "permits a plaintiff to avoid preclusion 'merely by posturing the same claim as a new legal theory,' even if both theories rely on the same underlying occurrence."  *Id.*  Conlon's limited objection in the Chapter 11 proceeding did not require a strained application of this test to avoid preclusion.

The debtors argue that "the evidence needed to sustain Conlon's Limited Objection is precisely the same as the evidence at issue in Conlon III."  Doc. 10, Appellee Br. at 13-14.  They identify that evidence as "the Resort's financial statements . . . which have been in the same format since well before Conlon I was filed in 2006."  Id.  The notion that no additional evidence would be required to resolve the claims asserted by Conlon in the Bankruptcy Court is mistaken.

The resolution of new revenue claims asserted by Conlon in the Bankruptcy Court will require a construction of ambiguity in the rental pool agreements that was not integral to the past litigation or addressed by the District Court in any of those proceedings.  Arizona recognizes the rule that contractual language is ambiguous if it can reasonably be construed in more than one way.  *In re Estate of Lamparella,* 109 P.3d 959, 963 (Ariz. Ct. App. 2005).  When a contract contains such language the determination of the contracting parties' intent may require evidentiary proceedings and

3

factfinding.  *See Taylor v. State Farm Mutual Automobile Insurance Co.,* 854 P.2d 1134, 1145 (Ariz. 1993) (recognizing the propriety of submitting the issue of parties' intent to jury in light of ambiguity in contract).  This circumstance alone makes claim preclusion inappropriate in the present case.  *Phoenix Newspapers,* 934 P.2d at 805; *see also Power Road-Williams Field LLC v. Gilbert,* 14 F.Supp.3d 1304, 1309 (D. Ariz. 2014) (recognizing that "Arizona uses the 'same evidence' test for determining whether an earlier action is the same as the current action," that this test "is quite liberal and permits a plaintiff to avoid preclusion 'merely by posturing the same claim as a new legal theory,' even if both theories rely on the same underlying occurrence," and that preclusion is inappropriate if "additional evidence is needed to prevail in the second action than that needed in the first").  In short, for res judicata purposes under Arizona law, Conlon's new revenue claims are hardly equivalent to the actions for an accounting adjudicated in Conlon I and III.

## II.

**The Bankruptcy Court erred in granting summary judgment in favor of the debtors with respect to the 17 per cent claims on the basis of collateral estoppel.**

Conlon complained in the Bankruptcy Court that the hotel had renounced its practice of assuring the villa owners' receipt of at least 17 per cent of total room revenues, that this unilateral action was an abuse of the hotel's discretion under the rental pool agreements, and that absent justification for that change the Court should order a remedy for that wrongful appropriation. Bankr. Doc. 1227, Conlon Limited Obj. at 5-6, 12-13. The debtors contend that collateral estoppel bars this claim because it "rests upon the exact same issue litigated and decided in Conlon III. Doc. 10, Appellee Br. at 14-16. The present claim differs distinctly from any matter that was or could have been addressed in the Arizona District Court.

In Conlon III the villa owners claimed that the hotel had abused its discretion under the rental pool agreements by limiting their share of total hotel revenue to 17 per cent. Bankr. Doc. 2290, Mem. Dec. at 5. The District Court rejected that contention based on the hotel owner's explanation that villa units comprised approximately 17 per cent of the total rooms available for rent, the owner's representation that it adhered to a longstanding policy of "managing the use of the rental units so as to insure

5

that the rental pool participants receive at least 17% of the room revenue generated by both the Hotel and the rental units," and the owner's assurance "that the 17% figure was a floor and not a ceiling" for the villa owners' share of total revenue. RSP Decl., Bankr. Doc. 1754 at 17-18 (Order of District Court, Nov. 4, 2009).

The claims Conlon asserted in Conlon III and in the present Chapter 11 proceeding are not the same at all. In the former case the District Court refused to find that an established practice of allocating a minimum of 17 per cent of total room revenue to villa owners was not an abuse of discretion. In the latter Conlon alleged that the debtors have elected to abandon that "floor" and retain a greater share of total revenue for themselves.

Collateral estoppel "bars 'relitigation of issues actually litigated regardless of whether the prior action is based upon the same claim as the second suit.'" *Smith v. CIGNA HealthPlan of Arizona,* 52 P.3d 205, 212 (Ariz. Ct. App. 2002) (quoting *Matusik v. Arizona Public Service Co.*, 684 P.2d 882, 884 (Ariz. Ct. App. 1984)). "But issue preclusion applies only when the issue has been 'actually litigated in a previous proceeding' and 'the parties . . . have had a full and fair opportunity and motive to litigate the issue.'" *Id.* (quoting *Garcia v. General Motors Corp.,* 990 P.2d 1069, 1073 (Ariz. Ct. App. 1999)). The idea that the "17 per cent claim" asserted by

6

Conlon in the Bankruptcy Court is the same issue "actually litigated" in Conlon III is untenable.

## CONCLUSION

The Bankruptcy Court's grant of summary judgment in favor of the debtors should be reversed for the reasons set forth in the appellant's opening brief and this reply brief. The case should be remanded to that court for trial.

Dated: April 20, 2015  /s/    Michael Gross
St. Louis, Missouri  Michael Gross Law Office
 231 South Bemiston Avenue, Suite 250
 St. Louis, Missouri 63105
 Telephone: (314) 863-5887
 Email: mgross@grossbriefs.com

 *Attorney for Appellant*

8

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7) and Dist. Ct. R. 7.1.  The brief contains 1,702 words and consists of 8 pages excluding the table of contents, table of authorities, and this certificate of counsel.

/s/     Michael Gross