```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
IN RE:                                                                   :       14-CV-9491 (JMF)
                                                                         :
MSR RESORT GOLF COURSE LLC                                               :       MEMORANDUM OPINION
                                                                         :           AND ORDER
                                                                         :
------------------------------------------------------------------------ X
```

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is assumed, Conlon Group Arizona, LLC ("Conlon") appeals from an Order of the United States Bankruptcy Court for the Southern District of New York (Sean Lane, B.J.) entered on October 17, 2014, which held that most — but not all — of Conlon's claims against the debtors in the bankruptcy action (the "Debtors") were precluded by prior litigation. (Debtor-Appellees' Appendix (Docket No. 10) ("D.A.") 465-66 ("Bankr. Order"); *see also* D.A. 443-64 ("Bankr. Op.") (explaining the Court's reasoning)). On August 19, 2015, this Court entered an Order To Show Cause why the case should not be dismissed for lack of jurisdiction, given that the Bankruptcy Court "denied Debtors' motion for summary judgment in part, and, in any event, Debtors did not move for summary judgment on all of Conlon's claims." (Order To Show Cause (Docket No. 16); *see also* D.A. 464, 466; Opp'n Br. Debtor-Appellees Conlon Grp. Ariz., LLC's Appeal (Docket No.10) ("Debtors' Mem.") 7 n.4). Conlon responded on August 26, 2015, arguing that the Bankruptcy Court's Order was final for purposes of this Court's jurisdiction, and, in the alternative, requesting leave to appeal. (Appellant's Response Order To Show Cause (Docket No. 17) ("Conlon's Mem.")). For the reasons discussed below, the Court holds that the Bankruptcy Court's Order is interlocutory, not final, and denies Conlon's belated request for leave to appeal.

This Court's jurisdiction to hear appeals from the Bankruptcy Court is defined by Title 28, United States Code, Section 158(a). To the extent relevant here, it provides for jurisdiction over appeals "from final judgments, orders, and decrees" and, "with leave of the court, from interlocutory orders and decrees." 28 U.S .C. § 158(a); *accord MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 78 (S.D.N.Y. 2006). In this case, Conlon argues that the Bankruptcy Court's ruling constitutes a final order because it "completely resolved" some of his claims, and "all but completely resolved" others. (Conlon Mem. 2). It is true that finality in this context "is more flexible than in other civil litigation" because "bankruptcy cases frequently entail protracted proceedings involving many parties," *Liquidators of Lehman Bros. Austl. v. Lehman Bros. Special Fin. Inc.* (*In re Lehman Bros. Holdings Inc.*), 697 F.3d 74, 77 (2d Cir. 2012), and an order is generally considered final if it "finally dispose[s] of discrete disputes within the larger case," *Pfizer Inc. v. Law Offices of Peter G. Angelos* (*In re Quigley Co., Inc.*), 676 F.3d 45, 51 (2d Cir. 2012); *accord Shimer v. Fugazy* (*In re Fugazy Express*), 982 F.2d 769, 775-76 (2d Cir.1992). But the Second Circuit has clarified that "discrete dispute[]" in this context "do[es] not mean merely competing contentions with respect to separable issues." *Fugazy*, 982 F.2d at 775. Instead, the Bankruptcy Court must have resolved "at least an entire claim on which relief may be granted." *Id.* at 775-76. Whether or not preclusion constitutes a "separable issue[]," the Bankruptcy Court's ruling here indisputably left several aspects of Conlon's "claim" to be adjudicated, as some of Conlon's claims survived summary judgment, and others were not even addressed in the parties' cross-motions. *Cf. Cadles of Grassy Meadows II v. St. Clair (In re St. Clair)*, No. 13-MC-1057 (SJF), 2014 WL 279850, at *1 (E.D.N.Y. Jan. 21, 2014) (noting that the parties agreed that an appeal from the denial of a motion for summary

judgment in an adversary proceeding is an interlocutory order).  Accordingly, the Bankruptcy Court's ruling is not a final order.

As noted, Conlon asks, in the alternative, that the Court grant retroactive leave to appeal.  A district court "has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."  *Gibson v. Kassover* (*In re Kassover*), 343 F.3d 91, 94 (2d Cir. 2003).  Neither the Bankruptcy Code nor the Rules of Procedure provide standards for guiding that discretion.  *See, e.g.*, *Law Debenture Trust Company of N.Y. v. Calpine Corp.* (*In re Calpine Corp.*), 356 B.R. 585, 592-93 (S.D.N.Y. 2007).  In the absence of such standards, "the majority of courts have applied the analogous standard for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b)."  *Id.* (quoting *MCI Worldcom Commc'ns v. Commc'ns Network Int'l Ltd.* (*In re Worldcom, Inc.*), No. 02-CV-13533(AJG), 2006 WL 3592954, at *2 (S.D.N.Y. Dec. 7, 2006); *accord United States v. Bond,* 09-CV-1824 (SLT), 2009 WL 3254472, at *3 (E.D.N.Y. Oct. 9, 2009) (collecting cases in which district courts in this Circuit have applied the standards in Section 1292(b) in exercising their discretion under Section 158(a)).  Under Section 1292(b), leave to appeal should be granted only if the relevant order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  (*See also* Conlon Mem. 4).

It is not clear that the Order at issue in this case meets any of those three requirements, but there is no need to go beyond the first.  Although Conlon rightly points out that "the Second Circuit has held that a 'controlling question of law' within the contemplation of § 1292(b) 'need not affect a wide range of pending cases,'" (Conlon Mem. 4 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990))), the question presented must still be a legal one,

*see Stone v. Patchett*, No. 08-CV-5171 (RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009). The question presented here is not, as Conlon does not claim that the Bankruptcy Court "applied an incorrect legal standard . . . or made any similar error that could be determined without a detailed consideration of the facts at issue." *In re Goldman Sachs Group, Inc. Sec. Litig.*, No. 10-CV-3461 (PAC), 2014 WL 5002090, at *1 (S.D.N.Y. Oct. 6, 2014). Instead, Conlon asks the Court to review the Bankruptcy Court's "application of existing law to the unique facts at issue here" — a "type of review [that] is not appropriate on interlocutory appeal." *Id.* (*See, e.g.*, Appellant's Opening Br. (Docket No. 8) 13-18 (arguing not that the Bankruptcy Court applied the wrong standard for determining whether Conlon's claims were precluded, but that, as a factual matter, his claims had not been (and could not have been) previously been litigated)).

Accordingly, Conlon's request for leave to appeal from the Bankruptcy Court's interlocutory Order is denied, and this case is dismissed for lack of jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

Date: September 3, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

4